IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JONATHAN BERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:18-CV-533-WKW |
| | ) | [WO] |
| JUDGE LARRY K. ANDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

\* \* \* \* \* \*

| | | |
|---|---|---|
| JONATHAN JEROME BERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:18-CV-574-WKW |
| | ) | [WO] |
| JUDGE LARRY K. ANDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Jonathan Berry ["Berry"], an inmate incarcerated at the Houston County Jail in Dothan, Alabama, files this 42 U.S.C. § 1983 action challenging the constitutionality of an amended sentence imposed upon him in 2016 by Judge Larry Anderson for his convictions on three counts of distribution of a controlled substance. Berry requests damages for the alleged violation of his constitutional rights and seeks dismissal of his cases, fines, and restitution. Doc. 1.

Upon review, the court concludes dismissal of the complaint prior to service of process is appropriate under 28 U.S.C.§ 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is

# I.  DISCUSSION

According to Berry, he signed a plea agreement in December of 2013 to serve a concurrent term of sixty-five months on three drug offense convictions, but Judge Anderson forced the district attorney to scratch through the original sixty-five months term and sentenced Berry to ninety-seven months imprisonment with two sentences to run concurrently and one sentence to run consecutively. Berry states Judge Anderson's actions resulted in a total term of imprisonment of sixteen years and two months. Berry contends such conduct violated his constitutional rights because he should have served no more than a concurrent term of twenty months before he completed his sentence based on the original plea deal and based on sentencing guidelines. Judge Anderson, Berry maintains, then admitted to violating Berry's constitutional rights regarding his 2013 sentence and in 2016 amended Berry's sentence to a term of forty months imprisonment. Berry complains, however, that the amended sentence imposed by Judge Anderson in 2016 violates his constitutional rights because it still exceeds the terms of the original plea agreement by requiring him to serve an additional twenty months imprisonment.

**A.     Judge Anderson**

1. <u>The Request for Monetary Damages</u>. Berry's claims against Judge Anderson entitle him to no relief in his cause of action. The allegations Berry makes against Judge Anderson emanate from actions taken by this defendant in his judicial capacity during state court proceedings over which he had jurisdiction.  The law is well settled that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump*

---

frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. §1915(e)(2)(B)(i)-(iii).

2

*v. Sparkman*, 435 U.S. 349 (1978).  In light of the foregoing, Berry's claims for monetary damages against Judge Anderson are "based on an indisputably meritless legal theory" and are therefore due to be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii).  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

    2.  <u>Request for Declaratory/Injunctive Relief from State Court Action</u>.  To the extent Berry seeks declaratory and/or injunctive relief from final orders issued by Judge Anderson, this court lacks jurisdiction to render such judgment in an action filed under 42 U.S.C. § 1983.  "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'  *Exxon Mobil Corp. v. Saudi Basic Industries Corp*., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)."  *Lance v. Dennis*, 546 U.S. 459, 460 (2006).  Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Berry from proceeding before the court as this case, with respect to any claims challenging a final order issued by a state court, is "'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'  544 U.S. at 284, 125 S.Ct. [at] 1517."  *Lance*, 546 U.S. at 464.  Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court.  *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

    In light of the foregoing, the court concludes that summary dismissal of any requests seeking declaratory or injunctive relief against Judge Anderson regarding matters associated with

Berry's state court criminal case is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark*, 915 F.2d 636; *see also Neitzke*, 490 U.S. at 327.

**B.      The Challenge to Plaintiff's Conviction**

If Berry seeks to challenge the validity of the amended sentence imposed upon him in 2016 by the Circuit Court for Houston County, Alabama, such claims go to the fundamental legality of his confinement and provide no basis for relief at this time. *Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In *Heck*, the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the [order requiring such confinement] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. The Court emphasized that "habeas corpus is the exclusive remedy for a [confined individual] who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id.* at 481. The Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court further concluded that an inmate's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . ." unless the inmate can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. The Court determined this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment."

4

*Id*. at 645. The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of her confinement is a petition for writ of habeas corpus. *Id*. The Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

Under the circumstances of this case, *Heck* and its progeny bar Berry's use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount a collateral attack on the validity of his state court criminal conviction and sentence. 512 U.S. at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."). Consequently, to the extent the claims presented by Berry seek to challenge the constitutionality of his state court conviction and/or amended sentence imposed in 2016, such claims are not cognizable in this cause of action at this time and are, therefore, subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's § 1983 claims against Defendant Larry Anderson be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i & iii);

2. Plaintiff's challenge to the constitutionality of his 2013 convictions and/or 2016 amended sentence imposed upon him by the Circuit Court for Houston County, Alabama, be

DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court at this time; and

3.  This case be DISMISSED prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

It is further

ORDERED that **on or before August 1, 2018**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 16th day of July 2018.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRAGE JUDGE